UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRADLY LEO NELSON, | ) | 1:08-cv-01449-TAG HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY THE |
| v. | ) | PETITION SHOULD NOT BE DISMISSED |
| | ) | FOR PETITIONER'S FAILURE TO |
| ON HABEAS CORPUS, | ) | EXHAUST STATE REMEDIES |
| | ) | |
| Respondents. | ) | ORDER DIRECTING RESPONSE TO BE |
| | ) | FILED WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

On September 26, 2008, Petitioner filed the instant federal petition for writ of habeas corpus. The petition alleges a single claim of ineffective assistance of counsel, claiming that counsel failed to properly investigate his case and had a conflict of interest with Petitioner by allowing the sentencing contrary to Cunningham v. California, 549 U.S. 270 (2007).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules

---

[1] Although Petitioner contends that he is in federal custody but challenging a state conviction and has filed his petition on a form indicated it is pursuant to 28 U.S.C.§ 2241, Petitioner lists his address as the Fresno County Jail. (Doc. 1, p. 1). Although Petitioner's custody status is unclear at this juncture, the Clerk of the Court has designated the petition as being pursuant to 28 U.S.C. § 2254. Until the Petitioner's actual custody status is clarified, the Court will allow that designation to stand.

1   Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court
2   will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

3         A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
4   petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The
5   exhaustion doctrine is based on comity to the state court and gives the state court the initial
6   opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501
7   U.S. 722, 731 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158,
8   1163 (9th Cir. 1988).

9         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
10  full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v.
11  Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88
12  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
13  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
14  claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504
15  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

16        Additionally, the petitioner must have specifically told the state court that he was raising a
17  federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669
18  (9th Cir.2000), <u>amended</u>, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999);
19  <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States Supreme Court
20  reiterated the rule as follows:

21        In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
    of state remedies requires that petitioners "fairly presen[t]" federal claims to the
22  state courts in order to give the State the "'opportunity to pass upon and correct
    alleged violations of the prisoners' federal rights" (some internal quotation marks
23  omitted). If state courts are to be given the opportunity to correct alleged violations
    of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
24  are asserting claims under the United States Constitution. If a habeas petitioner
    wishes to claim that an evidentiary ruling at a state court trial denied him the due
25  process of law guaranteed by the Fourteenth Amendment, he must say so, not only
    in federal court, but in state court.
26
    <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:
27
          Our rule is that a state prisoner has not "fairly presented" (and thus
28  exhausted) his federal claims in state court *unless he specifically indicated to*

*that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

The current petition for writ of habeas corpus does not state that Petitioner has presented the instant claims to the California Supreme Court. Petitioner indicates that he did present the issue to the California Court of Appeal, Fifth Appellate District ("5th DCA"). The Court's own independent review of the California courts' electronic website indicates that Petitioner filed his direct appeal from his conviction in the 5th DCA, that appellate counsel filed a brief indicating that counsel could find no arguable issues on appeal and asking the 5th DCA to independently review the record for error, that the 5th DCA issued an opinion affirming the conviction on July 15, 2008, and that remittitur issued on September 15, 2008, thus concluding Petitioner's direct appeal.[2] The California court's electronic database contains no record of Petitioner having filed any proceeding in the California Supreme Court.

If Petitioner has not presented all of his claims to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply

---

[2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

1  neglected to inform this Court.   Thus, Petitioner must inform the Court if his claims have been
2  presented to the California Supreme Court, and if possible, provide the Court with a copy of the
3  petition filed in the California Supreme Court, along with a copy of any ruling made by the
4  California Supreme Court.  Without knowing what claims have been presented to the California
5  Supreme Court, the Court is unable to proceed to the merits of the petition.

6  **ORDER**

7  Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be
8  dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the
9  Court what claims have been presented to the California Supreme Court within thirty (30) days of
10 the date of service of this order.[3]

11 Petitioner is forewarned that failure to follow this order will result in dismissal of the petition
12 pursuant to Local Rule 11-110.

13

14 IT IS SO ORDERED.

15 Dated:   **November 13, 2008**                                   **/s/ Theresa A. Goldner**
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[3] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition as there exists a one year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus 28 U.S.C. § 2244(d)(1).  The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court.  However, it is not tolled for the time a *federal* petition is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182 (2001).