# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| BRADLEY LEO NELSON, ) | 1:08-cv-01449-TAG HC |
| ) | |
| Petitioner, ) | ORDER GRANTING PETITIONER'S |
| ) | MOTION TO VOLUNTARILY |
| v. ) | WITHDRAW PETITION |
| ) | (Doc. 7) |
| ) | |
| ON HABEAS CORPUS, ) | ORDER DIRECTING CLERK OF COURT TO |
| ) | ENTER JUDGMENT AND CLOSE FILE |
| Respondents. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant federal petition for writ of habeas corpus was filed on September 26, 2008. (Doc. 1). On November 14, 2008, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. (Doc. 5). On November 21, 2008, Petitioner filed the instant motion to withdraw the petition for writ of habeas corpus. (Doc. 7).

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper. Id.

Here, no answer or responsive pleading has been served or filed. Accordingly, the petition may be voluntarily dismissed by Petitioner without leave of Court. Although Petitioner does not provide any grounds for requesting dismissal, the chronology cited above suggests that

Petitioner has read the Court's order to show cause dated November 14, 2008 and recognized that his petition contains unexhausted claims. Accordingly, the Court will grant Petitioner's request to dismiss the petition.

That having been resolved, the Court is obliged to inform Petitioner that federal petitions have various requirements that need to be met, including exhaustion of state remedies (see, 28 U.S.C. § 2254(b)), not filing second or successive petitions except under specified circumstances (see, 28 U.S.C. § 2244(a) and (b)), and filing within the pertinent statute of limitations (see, 28 U.S.C. § 2244(d)).

In electing to dismiss the amended petition, Petitioner would *not* be barred from returning to federal court by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996); See Sanders v. United States, 373 U.S. 1, 17, 83 S. Ct. 1068 (1963) (holding that the doctrine of writ abuse is not implicated "if the same ground was earlier presented but not adjudicated on the merits"); See Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir.1996) (holding that a dismissal on procedural grounds (exhaustion) without prejudice has no preclusive effect on subsequent petitions); see Slack v. McDaniel, 529 U.S. 473, 486-487, 120 S. Ct. 1595 (2000). Generally, a dismissal of a case on procedural grounds without determination of the merits of a petition does not bar a second petition.

Regarding exhaustion, any new or subsequent petition should, of course, contain only claims that have been fully exhausted in state court. A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). The Court *must* dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose v. Lundy, 455 U.S. 509, 521-522, 102 S. Ct. 1198 (1982).

With respect to the statute of limitations, Petitioner is forewarned that there is a one-year limitations period in which a federal petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins to run at the conclusion of direct review. The limitations period is not tolled for the time an application for petition for writ of habeas

corpus is pending in federal court. <u>Duncan v. Walker</u>, 533 U.S. 167, 181, 121 S. Ct. 2120 (2001).

## **ORDER**

Accordingly, IT IS ORDERED as follows:

1. Petitioner's motion for voluntary dismissal (Doc. 7), is GRANTED;

2. The petition for writ of habeas corpus (Doc. 1), be DISMISSED without prejudice; and,

3. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **November 24, 2008**                                    **/s/ Theresa A. Goldner**
                                                                                   UNITED STATES MAGISTRATE JUDGE